O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE NUNNERY, | ) | Case No. CV 12-3375 JFW (JCG) |
| Petitioner, | ) | |
| | ) | **ORDER ACCEPTING REPORT AND** |
| v. | ) | **RECOMMENDATION OF UNITED** |
| | ) | **STATES MAGISTRATE JUDGE AND** |
| TIM V. VIRGA, Warden, | ) | **DENYING CERTIFICATE OF** |
| | ) | **APPEALABILITY AND** |
| Respondent. | ) | **EVIDENTIARY HEARING** |
| | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in the Petition and Traverse, and lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here.

In his Objections, Petitioner raises – for the first time in this action – a new ineffective assistance of counsel claim. Namely, Petitioner now claims that he received ineffective assistance when his trial attorney failed to properly investigate and challenge the prior convictions that resulted in the enhancement of Petitioner's sentence. Specifically, Petitioner argues that his counsel never reviewed the files related to the prior convictions and "never considered" challenging those convictions

1  on such grounds as double jeopardy, prosecutorial misconduct, or inadequate plea.

2        As a preliminary matter, Petitioner raised this claim in neither his Petition nor

3  his Traverse.  Accordingly, the Court need not consider it.  *See United States v.*

4  *Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not

5  required, to consider evidence presented for the first time in a party's objection to a

6  magistrate judge's recommendation.").

7        However, even upon consideration of the claim's merits, Petitioner fails to

8  substantively advance a colorable claim for habeas relief.

9        As a rule, to establish ineffective assistance of counsel, Petitioner must

10  demonstrate that (1) counsel's representation "fell below an objective standard of

11  reasonableness," *and* (2) counsel's deficient performance prejudiced Petitioner such

12  that "there is a reasonable probability that, but for counsel's unprofessional errors, the

13  result of the proceeding would have been different." *Strickland v. Washington*, 466

14  U.S. 668, 687-88, 694 (1984).

15        Here, Petitioner's newly-raised ineffective assistance claim fails for two reasons.

16        First,  Petitioner has presented no evidence that his trial counsel's alleged errors

17  were not in fact tactical decisions.  *See Womack v. Del Papa*, 497 F.3d 998, 1002-04

18  (9th Cir. 2007) (self-serving and conclusory statements insufficient to show ineffective

19  assistance); *Williams v. Woodford*, 384 F.3d 567, 610 (9th Cir. 2004), *cert. denied*, 546

20  U.S. 934 (2005) (there is a strong presumption that counsel exercised reasonable

21  professional judgment).  Significantly, Petitioner submitted no declaration from his

22  counsel stating that these alleged errors were not actually the result of calculated

23  decision-making.  *See Shattuck v. Evans*, 2009 WL 3334892, at *8 (C. D. Cal. Oct. 13,

24  2009) (rejecting ineffective assistance claim, despite declaration from trial counsel that

25  he "[did] not recall having any strategic reason" for his alleged error, because such

26  declaration "[did] not unequivocally state that counsel had no such strategic reason").

27  Thus, on this record, the Court cannot find that counsel's actions fell below an

28  objective standard of reasonableness.  *See Guam v. Santos*, 741 F.2d 1167, 1169 (9th

Cir. 1984) (per curiam) (petitioner's disagreement with counsel's tactical decisions cannot form the basis of an ineffective assistance claim); *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984) (tactical decisions are not ineffective assistance simply because, in retrospect, better tactics were available).

Second, Petitioner has failed to show the requisite prejudice here.  For instance, regarding counsel's alleged failure to investigate, Petitioner has presented no credible evidence that such investigation would have yielded information discrediting his prior convictions.  *See Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir. 1997) (rejecting ineffective assistance claim where petitioner presented no evidence regarding what further investigation would have revealed, or what further preparation would have accomplished).  On this record, the Court cannot conclude that, absent the alleged attorney error, the trial court would have found Petitioner's prior convictions untrue. (*See* Lodg. No. 2 at 4201-15); *see also Strickland*, 466 U.S. at 694.

Accordingly, IT IS ORDERED THAT:

1.   The Report and Recommendation is approved and accepted;

2.   Judgment be entered denying the Petition and dismissing this action with prejudice[1]; and

3.   The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth above and in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Thus, the Court declines to issue a certificate of appealability.

Nor is Petitioner entitled to an evidentiary hearing.  *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (AEDPA "requires an examination of the state court-

---

[1]  Notably, because no previous Judgment has been entered in this action, Petitioner's invocation of Rule 52(b) is improper and hence **DENIED**.  *See* Fed. R. Civ. P. 52(b).

1  decision at the time it was made.  It follows that the record under review is limited to

2  the record in existence at that same time *i.e.*, the record before the state court.").

3

4  DATED: November 17, 2014

5

6  _____

7  HON. JOHN F. WALTER
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28